## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## THOMASVILLE DIVISION

| | | |
|---|---|---|
| **ARTHUR BROWN,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 6:03-cv-47(HL) |
| | : | |
| **SEMINOLE MARINE, INC.,** | : | |
| | : | |
| Defendant. | : | |

_____

## ORDER

Before this Court is Defendant's Motion for Summary Judgment (Doc. 10). For the reasons set forth below, the Motion is granted.

### I.    FACTUAL FINDINGS

Viewing the evidence in the light most favorable to Plaintiff, as the nonmoving party, the Court finds as follows. Plaintiff, Arthur Brown, was employed from August of 1997 through February of 1998, as a parts room runner for Defendant Seminole Marine. (Brown Dep. at 12.) Steve Johnson was the plant manager for Defendant who hired Brown and later fired him. (Brown Dep. at 12.)

Brown was initially hired to work for a ninety-day probationary period. (Brown Dep. at 19.) He alleges Defendant promised him that if he survived the probationary period, he would receive a pay increase. (Compl. ¶ 9.) Brown further contends Defendant refused to

1

increase his salary when the probationary period ended, and eventually fired Brown on February

23, 1998, in part as retaliation due to his repeated inquiries about the promised pay raise.

(Compl. ¶¶ 10, 11.)  Finally, Brown asserts Defendant hired a white male to fill his position the

same day he was fired, and alleges that his termination was the result of racial animus on the

part of Defendant.  (Compl. ¶¶ 12-14.)[1]

     Brown filed a complaint with the Equal Employment Opportunity Commission (EEOC)

dated April 18, 1998, alleging racial discrimination and retaliation in violation of Title VII of

the Civil Rights Act of 1964, as amended.   After an investigation, the EEOC issued a

determination and right to sue letter, dated May 20, 1998.  Brown testified that he believed he

received this letter.  (Brown Dep. at 16, 24.)  Finally, Brown filed the present lawsuit, alleging

violations of 42 U.S.C. § 1981 and intentional and negligent infliction of emotional distress, on

September 23, 2003.

---

[1] When considering a motion for summary judgment, the Court must evaluate all of the evidence, together with any logical inferences, in the light most favorable to the non-moving party. Beckwith v. City of Daytona Beach Shores, 58 F.3d 1554, 1560 (11th Cir. 1995).  The Court may not, however, make credibility determinations or weigh the evidence.   Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 2110 (2000).  Defendant Seminole Marine disputes a number of Brown's factual assertions and maintains that (1) neither Brown nor any other employee was ever promised a pay raise following a probationary period (Johnson Aff. ¶ 2), (2) Brown had been verbally warned on several occasions that his job performance was inadequate (Johnson Aff. ¶ 3), and (3) the reasons for which Brown was fired had nothing to do with race or retribution  ( Johnson Aff. ¶ 5).  However, because the Court must evaluate all evidentiary matters in the light most favorable to the nonmoving party, and because the final determination of this matter rests on the applicable statute of limitations, only Plaintiff's allegations are set forth here at length.

## II.   LEGAL DISCUSSION

### A.    42 U.S.C. § 1981 Claims

In his lawsuit, Brown raises five claims of violations under 42 U.S.C. § 1981.  Count One alleges that  Defendant violated § 1981 when it terminated him on the basis of his race. Count Two alleges that Defendant violated § 1981 when it created a hostile work environment and made unreasonable demands on him on account of his race.  Count Three alleges that Defendant violated § 1981 when it retaliated against him on account of his race.  Count Four alleges that Defendant violated § 1981 when it terminated him on account of his opposition to racial discrimination.  Count Six alleges that Defendant violated § 1981 when it denied him a pay raise that it had given to white employees.

As first enacted, § 1981 provided the statutory right for all persons within the jurisdiction of the United States in every State and Territory "to make and enforce contracts" as white citizens could.  Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 372, 124 S. Ct. 1836, 1839-40 (2004) (analyzing Patterson v. McLean Credit Union, 491 U.S. 164, 109 S. Ct. 2363 (1989)). In 1989, the Supreme Court held that while the aforementioned coverage precluded discrimination during the initial formation of a contract, it did not offer any protection against harassing conduct that occurred after a contract was formed.  Id.  In light of this decision, Congress amended § 1981 in 1991 to define the term "to make and enforce contracts" to include the "termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  Id.  This statutory expansion meant that certain employer

conduct, such as creating a hostile work environment and wrongful discharge, which did not

constitute a violation of the original § 1981, was now actionable under the 1991 Act.  Id.

The importance of determining whether a claim was brought under § 1981 as originally

enacted or as amended in 1991 was compounded by the Supreme Court in the Jones decision.

"The Supreme Court held in Jones that claims made possible by the amendment to § 1981 in

the Civil Rights Act of 1991 [are] governed by the four-year federal "catch all" statute of

limitations."  Cooper v. S. Co., 390 F.3d 695, 727 n.19 (11th Cir. 2004) (citing Jones, 541 U.S.

369, 124 S. Ct. 1836 (2004)); see also Cooley v. Great S. Wood Preserving, 138 Fed. Appx.

149, 160 (11th Cir. 2005).  For many § 1981 claims, this new approach to statute of limitation

determinations replaced the pre-Jones system, in which federal courts would apply "the most

appropriate or analogous state statute of limitations" to § 1981 violations–a system that initially

arose because § 1981 does not contain a statute of limitations.[2]  Jones, 541 U.S. at 371, 124 S.

Ct. at 1839.  However, this clarification and the four-year federal catch all statute of limitations

---

[2] In Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, Plaintiff appears to frame his argument as if the pre-Jones method of borrowing an applicable Georgia state law statute of limitations was appropriate for his claims.  This analysis is incorrect for the reasons stated above.  Furthermore, even if it was appropriate to borrow a Georgia statute of limitations, Plaintiff's attempt to apply a 20-year statute of limitations would be incorrect.  It is true that the Eleventh Circuit has held claims under the original § 1981 for back pay are barred after two years under Georgia state law, while claims for injunctive relief are barred only after 20 years.  Howard v. Roadway Express, Inc., 726 F.2d 1529, 1532 (11th Cir. 1984); see also Alexander v. Fulton County, Ga., 207 F.3d 1303, 1346 (11th Cir. 2000).  However, the only place Plaintiff mentioned equitable relief was in the preliminary statement of his Complaint, where he simply averred that he sought "declaratory judgment." (Compl. ¶ 9.)  The remainder of the Complaint and its Prayer for Relief were entirely calculated towards recovering back pay and damages.  A mere assertion that Plaintiff seeks a declaratory judgment and injunctive relief would be insufficient to trigger the twenty year statute of limitations, assuming it was even appropriate to apply a Georgia state law statute of limitations in this case, which it is not.

only apply to § 1981 claims made possible by the 1991 amendments.       Therefore, when answering whether a petitioner's claim is time barred by a statute of limitations, "[t]he critical question, then, is whether petitioners' causes of action 'ar[ose] under' the 1991 Act or under § 1981 as originally enacted." Id. at 373, 124 S. Ct. at 1840.

In the present case, Brown raises claims of (1) wrongful discharge based on race, (2) hostile work environment, (3) retaliation based on race, (4) termination based on Brown's opposition to racial discrimination, and (5) deprivation of a pay raise based on race. Every one of these allegations constitutes alleged improper conduct that would have occurred after the formation of Brown's employment contract, not during its initial formation. *See*, *e.g.*, Id. Therefore, each claim arises under the 1991 Amendments to § 1981 and is governed by the federal four-year catch all statute of limitations.

Brown sustained his final alleged injury, his termination, on February 23, 1998. Thus, at the latest he had until February 23, 2002 to file a § 1981 claim.[3] This lawsuit was filed on September 23, 2003–almost nineteen months after the deadline for timely filing–and accordingly Counts 1, 2, 3, 4 and 6 must be dismissed.

**B.      Intentional or Negligent Infliction of Emotional Distress Claim**

Brown also raised a claim in his Complaint, Count Five, that charged Defendant with

---

[3] Defendant's Motion for Summary Judgment appears to confuse Title VII and       § 1981. Although Brown initially filed a Title VII complaint with the EEOC, his lawsuit raises claims under § 1981 and state tort law. While Defendant is correct that a petitioner must file legal action within 90 days of an EEOC right to sue determination or lose his right to sue, this time constraint only applies to a subsequent Title VII lawsuit, and is thus inapplicable in the present case.

intentionally or negligently inflicting emotional distress. Under Georgia state law, a claim of intentional or negligent infliction of emotional distress is governed by O.C.G.A. § 9-3-33, which provides a two-year statute of limitations for bringing such personal injury claims. *See*, *e.g.*, Risner v. R.L. Daniell & Assoc., P.C., 500 S.E.2d 634, 635 (Ga. Ct. App. 1998). The final alleged injury sustained by Brown was his termination, which occurred on February 23, 1998; therefore, Brown had until February 23, 2000, to file this state law claim. His lawsuit was not filed until September 23, 2003, more than three years later, and thus Count 5 of Brown's suit against Defendant is time barred and must be dismissed.

## III.   CONCLUSION

The Court finds that all of Brown's claims are barred by the applicable statutes of limitations. Therefore, the Court need not address the remaining arguments raised by Defendant in support of its Motion.

Defendant's Motion for Summary Judgment (Doc. 10) is granted. Let judgment be entered accordingly.

SO ORDERED, this the 9th day of September, 2005.


**s/   Hugh Lawson**                     
**HUGH LAWSON, JUDGE**


pdl

6